UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-20424-ALTONAGA

UNITED STATES OF AMERICA,

vs.

ISMEL MARTINEZ PASO,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference from the Honorable Cecilia M. Altonaga, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Ismel Martinez Paso ("Defendant"). [ECF No. 18]. Based upon the change of plea hearing conducted on November 22, 2022, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing

conducted by the District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3. Defendant pled guilty to Counts 1 and 2 of the Indictment filed in this case, which charge him with conspiracy to transport aliens within the United States and transporting aliens within the United States, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(ii). I advised Defendant that the maximum penalty the Court may impose as to both Counts is a sentence of ten (10) years' imprisonment, followed by a maximum term of supervised release of three (3) years. I also advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to $250,000 per count pursuant to 28 U.S.C. § 3571, in addition to a mandatory special assessment of $100 per count, which is due at the time of sentencing. Counsel for the United States advised that they had not identified property traceable to Defendant's violation of Title 8, United States Code, Section 1324, and, therefore, the United States is not pursuing an order of forfeiture. I also advised Defendant that if he is not a United States citizen, his conviction may lead to his removal from the United States. Defendant acknowledged that he understood the foregoing, including the possible penalties and the maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant

acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

5. Although there is no written plea agreement, the parties had agreed to certain terms for Defendant's plea, and I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Counts 1 and 2 of the Indictment, and the Government will seek dismissal of Counts 3 through 7 after sentencing; the Government agrees to a two or three level reduction to Defendant's base offense level based on Defendant's acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines. There were no other agreements regarding application of the Sentencing Guidelines.

6. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing has been set for January 31, 2023, at 10:00 AM before Judge Altonaga. [ECF No. 22].

10. The parties agreed that Defendant may remain out on bond pending his sentencing subject to the same terms and conditions currently in place.

11. The parties will have fourteen (14) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 23rd day of November 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga
Counsel of Record